BROWN, Circuit Judge,
concurring in the judgment:
This is not a close case. As the district court aptly noted, three basic facts decide it: “a private company is constructing the *54 [Flanagan South] pipeline largely on privately-owned land; the federal agencies that have been consulted about aspects of the pipeline project have control over only a small portion of the land and waterways that the pipeline traverses; and no statute authorizes the federal government to regulate or oversee the construction of a domestic oil pipeline.” Sierra Club v. U.S. Army Corps of Eng’rs, 64 F.Supp.3d 128, 157 (D.D.C.2014). NEPA requires agency environmental review when the agency undertakes a major federal action defined as an action that significantly affects the human environment and is subject to federal control and responsibility. 42 U.S.C. § 4332(2)(C); 40 C.F.R. § 1508.18; see also Winnebago Tribe of Neb. v. Ray, 621 F.2d 269, 273 (8th Cir.1980) (“As for federal involvement, the fact that part of the line will cross the Winnebago Reservation does not suffice to turn this essentially private action into federal action.... Thus we conclude that the Corps did not have sufficient control and responsibility to require it to study the entire project.”). Little more ink needs to be spilled to conclude that — given federal control over less than 20 miles of the 600-mile pipeline — NEPA cannot compel federal review of the entire, essentially private, pipeline.
Sierra Club has put forward several claims, all of them a variation on the theme that NEPA requires some federal agency, if not all of them collectively, to review the entire pipeline as a connected action. The likelihood of Sierra Club’s success on the merits was briefed, argued, and thoroughly considered by the district court when it dismissed their motion for preliminary injunction. See Sierra Club v. U.S. Army Corps of Eng’rs, 990 F.Supp.2d 9, 44 (D.D.C.2013). After a second perusal when federal defendants[1] filed motions to dismiss and both parties cross-motioned for summary judgment, the district court again concluded that “[pjlaintiffs are wrong to insist that any federal agency had an obligation under NEPA or any other statute to conduct an environmental review of the impact of the entire FS Pipeline ... given that the Federal Defendants have permitting authority over only small segments of this private pipeline project and none of the defendant agencies, alone or in combination, have authority to oversee or control the vast portions of the FS pipeline that traverse private land.” Sierra Club, 64 F.Supp.3d at 134.
The majority opinion retreads this familiar ground but with considerably more angst. This case is wholly removed from the contexts of San Luis & Delta-Mendota Water Authority v. Jewell, 747 F.3d 581 (9th Cir.2014), and Ramsey v. Kantor, 96 F.3d 434 (9th Cir.1996)-cases the opinion devotes several pages to distinguishing. See Maj. Op. 45-46. Here, no instance of federal involvement (alone or collectively) amounted to the “functional equivalent” of a permit nor was this a circumstance in which one federal agency was advising another. And no amount of artful pleading can convert these minor federal engagements into a “connected action” that subjects the 580 miles of private pipeline to NEPA review. See Delaware Riverkeeper v. FERC, 753 F.3d 1304 (D.C.Cir.2014).
While the majority ultimately arrives at the same destination, its route is needlessly circuitous, creating the impression that Sierra Club’s challenges fail by a hairsbreadth rather than a hectare. Because I *55 favor the district court’s direct approach, I concur only in the judgment.

. "Federal defendants” here refers collectively to the United States Corps of Engineers, the Department of Transportation Pipeline and Hazardous Materials Safety Administration, the Fish and Wildlife Service, the Department of Interiors Bureau of Indian Affairs, and the Environmental Protection Agency.